UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ARCH SPECIALTY INSURANCE COMPANY,

                            Plaintiff,

            -against-

AB CAPSTONE BUILDERS CORP.,

                         Defendant.
-------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

24 Civ. 3522 (FB) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Arch Specialty Insurance Company ("Plaintiff") commenced this action against Defendant AB Capstone Builders Corp. ("Defendant"), asserting the following claims: (1) breach of contract, (2) unjust enrichment and (3) an account stated. See generally ECF No. 1. Plaintiff moves for entry of a default judgment on its claims for breach of contract and an account stated, seeking entry of judgment against Defendant in the principal amount of $122,656.14, costs in the amount of $583.10, and pre-judgment interest on the unpaid premium, interest and taxes at the annual rate of 9% accruing from April 30, 2022 through entry of judgment. See generally ECF Nos. 11-11-11. For the reasons discussed below, the Court respectfully recommends that Plaintiff's motion be granted.

I.      **DISCUSSION**

Federal Rule of Civil Procedure 55 sets forth the two-step procedure "for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011 (citation omitted).

1

### A.    Entry Of A Default[1]

Federal Rule of Civil Procedure 55(a), entitled "Entering a Default," provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Local Civil Rule 55.1 requires a party seeking an entry of default to file (a) a request for an entry of default; (b) an affidavit demonstrating that (1) "the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person"; that (2) "the party has failed to plead or otherwise defend the action"; and (3) that "the pleading to which no response has been made was properly served"; and (c) a proposed form of default. Local Civ. R. 55.1. This first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." Mickalis Pawn Shop, 645 F.3d at 128.

### 1.    Requirement Of Local Civil Rule 55.1(a)

Plaintiff satisfied the requirement of Local Civil Rule 55.1(a) as to the request for an entry of default. Plaintiff filed a request for an entry of default as to Defendant. See generally ECF Nos. 8-9.

---

[1] Local Civil Rule 1.1 provides that "[t]hese Local Civil Rules take effect on January 2, 2025 (the "Effective Date") and govern actions pending or filed on or after that date. For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on January 1, 2025 will govern." The Court notes a gap in the Rule, in relation to which version of the Local Civil Rules applies to filings submitted when one version of the Local Civil Rules was in effect but addressed after a subsequent version of the Local Civil Rules came into effect, as here. The Court addresses this gap by applying the version of the Local Civil Rules in effect at the time that this request for an entry of default was filed, namely the Local Civil Rules of October 15, 2021, in reviewing the request, as these were the only Local Civil Rules about which Plaintiff had notice when filing the request.

2.      **Requirements Of Local Civil Rule 55.1(b)**

The Court addresses each of the three requirements of Local Civil Rule 55.1(b) in turn.

a.      **First Requirement: No Infancy, Incompetency Or Military Service**

Plaintiff satisfied the first requirement of Local Civil Rule 55.1(b). Plaintiff filed an affidavit stating that Defendant "is not an infant, in the military, or an incompetent person." ECF No. 9 ¶ 7.

b.      **Second Requirement: Failure To Plead Or Otherwise Defend The Action**

Plaintiff satisfied the second requirement of Local Civil Rule 55.1(b). Plaintiff filed an affidavit stating that "Defendant was required to respond to the Complaint by June 6, 2024, but failed to do so" and that "[t]he time for Defendant to respond to the Complaint has not been extended." ECF No. 9 ¶¶ 5-6.

c.      **Third Requirement: Proper Service Of Process**

Plaintiff satisfied the third requirement of Local Civil Rule 55.1(b).

Federal Rule of Civil Procedure 4(c) requires that the summons and complaint be served on a defendant within 90 days after the filing of the complaint, in accordance with Federal Rule of Civil Procedure 4(m). According to the complaint, Defendant is a New York corporation with a principal place of business in Queens, New York. See ECF No. 1 ¶ 2. Federal Rule of Civil Procedure 4(h), entitled "Serving a Corporation, Partnership, or Association," provides that

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h) (footnote added).  Federal Rule of Civil Procedure 4(e)(1) provides for

service of process by "following state law for serving a summons in an action brought in courts

of general jurisdiction in the state where the district court is located or where service is made."

New York Business Corporation Law § 306(b)(1)(i) provides that service of process on a

corporation may be effectuated by "[p]ersonally delivering to and leaving with the secretary of

state or a deputy, or with any person authorized by the secretary of state to receive such service,

at the office of the department of state in the city of Albany, duplicate copies of such process

together with the statutory fee, which fee shall be a taxable disbursement," upon which "[s]ervice

of process on such corporation shall be complete."

Service of process on Defendant satisfies both requirements for service set forth in

Federal Rules of Civil Procedure 4(c) and 4(h).  As to the former, Plaintiff was served with

process on May 16, 2024, within one week of the commencement of this action.  See generally

ECF No. 6 (proof of service of process); see ECF No. 9 ¶ 4 (declaration noting that Defendant

was served with process on May 16, 2024).  As to the latter, Plaintiff filed proof of service of

process on Defendant in accordance with New York Business Corporation Law § 306(b)(1)(i),

namely by personally delivering two copies of the summons and complaint, along with a fee in

the amount of $40.00, to Colleen Banahan, "an agent of the Secretary of State . . . of the State of

New York" at the appropriate office in Albany.  See generally ECF No. 6 (proof of service of

process); ECF No. 9 ¶ 4 (declaration noting that Defendant was served with "the Summons and

Complaint . . . through the New York Secretary of State, 1 Commerce Plaza, Albany, New

York").

In addition to service of process on Defendant, at the Court's direction, Plaintiff

unsuccessfully attempted service of the summons, complaint, docket and motion for entry of a

4

default judgment on Defendant at four addresses publicly associated with Defendant: 8332 Parson Boulevard, Jamaica, NY 11432; 98-09 Astoria Boulevard, Flushing, NY 11369; 87-10 Northern Boulevard, # 203, Jackson Heights, NY 11372; and 33-06 88th Street, Suite 214, Jackson Heights, NY 11372.  See generally ECF Nos. 14-15.

### 3.    Third Requirement of Local Civil Rule 55.1

Plaintiff satisfied the third requirement of Local Civil Rule 55.1.  Plaintiff filed a proposed form of default.  See generally ECF No. 8.

## B.    Entry Of A Default Judgment[2]

The Court addresses the procedural and the substantive requirements for entry of a default judgment.

### 1.    Procedural Requirements

Federal Rule of Civil Procedure 55(b), entitled "Entering a Default Judgment," provides two mechanisms through which a default judgment may be entered: by the clerk of court, pursuant to subsection (1),[3] or by the court, pursuant to subsection (2).  In either instance, Local Civil Rule 55.2(a) requires a party moving for entry of a default judgment to file (1) an affidavit demonstrating (a) that the Clerk of Court has entered default pursuant to Local Civil Rule 55.1, (b) that the moving party has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521, and (c) that "the party against whom judgment is sought is not known to be a minor or an incompetent person, or, if seeking default judgment by the court, the minor or incompetent person is represented by a general guardian, conservator, or other fiduciary who has appeared";

---

[2] See supra, n.1.  The Court applies the Local Civil Rules of July 1, 2024, in reviewing the motion for an entry of default judgment.

[3] Here, Plaintiff has filed a motion for entry of a default judgment, see generally ECF Nos. 11-11-11, rather than a request for entry of a default judgment by the Clerk of Court.

(2) the moving papers required by Local Civil Rule 7.1, including a memorandum of law and a proposed order and judgment; and (3)

> a certificate of service stating that all documents in support of the request for default judgment, including the 'Clerk's Certificate of Default' and any papers required by this [R]ule, have been personal served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought

and, if the latter, and "[i]f the mailing is returned, a supplemental certificate of service. . . setting forth that fact, together with the reason provided for the return, if any." Local Civ. R. 55.2(a). Local Civil Rule 55.2(c), entitled "By the Court," provides that, "[i]n addition to the matters required in section (a), above, the party must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." Local Civ. R. 55.2(c).

### a.       Local Civil Rule 55.2(a)(1)

Plaintiff satisfied the requirements of Local Civil Rule 55.2(a)(1). Plaintiff filed a declaration stating that the Clerk of Court entered default as to Defendant. See ECF No. 11-1 ¶ 11. The Court notes that, because Defendant is a corporation, see ECF No. 1 ¶ 2, the requirements to demonstrate compliance with the Servicemembers Civil Relief Act and to demonstrate that Defendant is not known to be a minor or an incompetent person are inapplicable. See JCJ Marketer Corp. v. Tierra Nueva Organic, Inc., No. 9 Civ. 1487 (NGG), 2010 WL 1292713, at *2 (E.D.N.Y. Mar. 31, 2010) (reasoning that, "because [the defendant] . . . is a corporate entity, a statement that [it] . . . is not a minor, mentally incompetent, or in the military service is unnecessary").

6

**b.** **Local Civil Rule 55.2(a)(2)**

Plaintiff satisfied the requirements of Local Civil Rule 55.2(a)(2). Plaintiff's motion complies with the requirements of Local Civil Rule 7.1 and includes a memorandum of law and a proposed order and judgment. <u>See generally</u> ECF No. 11-11-11.

**c.** **Local Civil Rule 55.2(a)(3)**

Plaintiff satisfied the requirements of Local Civil Rule 55.2(a)(3). Plaintiff filed a certificate of service indicating that the motion for entry of a default judgment was mailed to Defendant at three addresses, one of which is described as the address for Defendant's "principal place of business" in Plaintiff's complaint. <u>See</u> ECF No. 1 ¶ 2; <u>see generally</u> ECF No. 12.

**d.** **Local Civil Rule 55.2(c)**

Plaintiff satisfied the requirements of Local Civil Rule 55.2(c). Plaintiff filed a statement of damages in the form of a declaration of Sal A. Pellitteri, assistant vice president of Plaintiff, setting forth Plaintiff's claimed damages and the basis therefore, including interest. <u>See generally</u> ECF No. 11-7. Plaintiff's counsel submitted a declaration, which appropriately addresses Plaintiff's request for costs. <u>See</u> ECF No. 11-1 ¶ 16.

**2.** **Substantive Requirements**

Entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)," which, in turn, instructs "that [a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." <u>Mickalis Pawn Shop</u>, 645 F.3d at 128, 128 n.16 (citation & quotations omitted). A district court's discretion to proceed pursuant to this procedure is "circumscribed," given the "strong preference for resolving disputes on the merits" and given that "a default judgment is the

7

most severe sanction which the court may apply." Id. at 129 (citations & quotations omitted). As such, before entering a default judgment, a "district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law," id. at 137 (footnote, citation & quotations omitted), accepting all allegations in Plaintiff's amended complaint as true. See Mirlis v. Greer, 80 F.4th 377, 383 (2d Cir. 2023) (stating that, "[o]n a motion for default judgment after default has entered, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor" (citation & quotations omitted)); A&B Alternative Marketing Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 916 (2d Cir. 2022) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citation & quotations omitted)).

The Court now addresses Defendant's liability on Plaintiff's claims and, if Defendant is liable, Plaintiff's remedies.

### a.    Liability

The Court addresses Defendant's liability on the two claims that are the subject of Plaintiff's motion for entry of a default judgment, namely for breach of contract and an account stated, each in turn below.  Plaintiff does not seek relief on its third claim, unjust enrichment.

### i.   Claim For Breach Of Contract[4]

Plaintiff sufficiently established a claim for breach of contract against Defendant.

Under New York law, "the elements of a breach of contract claim are (1) the existence of

a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4)

---

[4] Plaintiff contends that Commercial General Liability Policy No. AGL006127-00 (the "Policy"), issued by Plaintiff to Defendant for the period of October 28, 2019, to October 28, 2020, does not contain a choice-of-law provision and that, as a result, as here, "where liability contracts are concerned, the applicable law is generally the local law of the state which the parties understood was to be the principal location of the insured risk," which, here, is New York, given that Defendant is a New York corporation with its principal place of business in New York.  ECF No. 11-11 at 9-10 (quoting Lapolla Indus., Inc. v. Aspen Specialty Ins. Co., 566 F. App'x 95, 97 (2d Cir. 2014)); see ECF No. 1 ¶ 2.

Where subject matter jurisdiction is founded on diversity of citizenship, as here, see ECF No. 1 ¶¶ 1-4, "the choice of law rules of the forum state—here, New York—govern," Lapolla, 556 F. App'x at 97 (citation omitted).  Under New York law, "the first step in any choice of law inquiry is to determine whether there is an actual conflict between the laws invoked by the parties," and, "[i]f such a conflict exists, the court must then determine which law to apply."  Id. (citations & quotations omitted).  Here, Plaintiff is the only appearing party and invokes New York law, such that no conflict exists.

Substantively, under New York law, where liability insurance contracts are concerned, the applicable law is generally the local law of the state which the parties understood was to be the principal location of the insured risk," which is "the state of the insured's domicile" if "liability insurance policies cover[] multistate risks."  Id. (citations & quotations omitted).  As Defendant, the insured, is a New York corporation with its principal place of business in New York, New York law applies, even if Defendant were to have invoked conflicting law.

The Court notes that Plaintiff's position that the Policy does not contain a choice-of-law provision may not be correct.  An endorsement to the Policy, entitled "Service of Suit," provides that "[a]ll matters arising under this Policy shall be determined in accordance with the law and practice of such Court, provided that nothing shall prohibit the Insurer from removing any action, suit, or proceeding to a United States District Court."  ECF No. 11-8 at 36 (emphasis in original).  Although this endorsement could be construed to contemplate only actions against Plaintiff and not actions commenced by Plaintiff, the plain language of this provision encompasses either category of actions.  Nonetheless, even if the Court were to apply this provision to the claims that are subject of this motion for entry of a default judgment, the result, namely, the application of New York law, would be the same.

damages suffered as a result of the breach." Zam & Zam Super Market, LLC v. Ignite Payments, LLC, 736 F. App'x 274, 276 (2d Cir. 2018) (citation omitted).

Plaintiff sufficiently pleaded each of the elements of the claim. As to the first element, Plaintiff pleaded that it issued the Policy to Defendant, which "is an insurance contract providing insurance coverage for certain liabilities of [Defendant] . . . , as set forth in the Policy, in exchange for premiums." ECF No. 1 ¶¶ 6-7. As to the second element, Plaintiff pleaded that it "fulfilled its contractual obligations and provided coverage under the Policy." Id. ¶ 8. As to the third element, Plaintiff pleaded that "the Policy is subject to audit based on the actual exposure during the effective dates of coverage," as the "initial premiums are based on estimated information," which "can result in additional premiums due to the insurer from the insured, or return of premiums due to the insured from the insurer," id. ¶ 10; that "[t]he audit of the Policy resulted in an additional premium of at least $118,200.00 owed by" Defendant to Plaintiff, id. ¶ 11; and that Defendant "failed and refused to remit payment of the $118,200.00 owed to [Plaintiff] . . . pursuant to the terms of the Policy," despite Plaintiff having "billed and/or issued demands for payment for the outstanding amount to [Defendant] . . . in a timely fashion," thereby breaching the Policy, id. ¶¶ 12-13, 16-17. Plaintiff also alleged that Defendant breached the contract by failing to pay the outstanding premium, taxes and fees. See id. ¶ 17. As to the fourth element, Plaintiff pleaded that it suffered damages "in the amount no less than $122,656.14," consisting of $118,200.00 for the additional premium and "a New York State Surplus Lines Tax and a New York State Stamping Fee equal to 3.6% and 0.17% of the [a]dditional [p]remium," respectively, amounting to $4,456.14, along with interest, attorneys' fees and costs. Id. ¶¶ 11, 14-15, 18.

#### ii.        Claim For An Account Stated[5]

As Plaintiff has established its claim for breach of contract, Plaintiff's claim for an

account stated, which seeks duplicative relief, is barred.  See NetJets Aviation, Inc. v. LHC

Comms, LLC, 537 F.3d 168, 175-76 (2d Cir. 2008) (noting that "[t]wo claims are duplicative of

one another if they arise from the same facts . . . and do not allege distinct damages" and that,

"[w]here a claimant is entitled to a particular category of damages on one claim but not the other,

the claims are not duplicative" and reasoning that, "when a party has both a claim for account

stated and a claim under a contract that provides for an award of attorneys' fees, the claims for

breach of contract and account stated are not duplicative," such that the district court's reliance

on a case where "the plaintiffs' claims (for account stated, breach of contract, conversion, unjust

enrichment, and tortious interference with contractual relations) all s[ought] the same relief" in

dismissing the plaintiff's claim for breach of contract in NetJets as duplicative of its claim for an

account stated "was misplaced," as the contracts at issue allowed the plaintiff to recover

reasonable attorneys' fees, which were not recoverable on the plaintiff's claims for an account

stated (citations & quotations omitted)); Lavazza Premium Coffees Corp. v. Prime Line Distribs.

Inc., 575 F. Supp. 3d 445, 470-71 (S.D.N.Y. 2021) (dismissing the plaintiff's claim for an

account stated, as it was "duplicative of its breach of contract claim because both claims arise out

of the same facts and seek the same damages"); Locus Tech. v. Honeywell Int'l Inc., 632 F.

Supp. 3d 341, 361 (S.D.N.Y. 2022) (dismissing the plaintiff's account stated claim for invoices

that were "duplicative of Plaintiff's related breach of contract claim" but declining to dismiss the

plaintiff's account stated claim for other invoices that were "not duplicative of its related breach

---

[5] See supra, n.4.

11

of contract claim," as an award of attorneys' fees was sought on the related breach of contract claim but was unavailable on the account stated claim (citations omitted).[6]

### b.   Remedies

Plaintiff has established its entitlement to the monetary award sought, consisting of $118,200.00 for the additional premium; $4,456.14 for the New York State Surplus Lines Tax and New York State Stamping Fee (the "Taxes and Fees"); costs of $583.10; and pre-judgment interest.[7]

### i.   Additional Premium

Plaintiff has established entitlement to $118,200.00 for the additional premium. The declaration of Plaintiff's assistant vice president, Sal A. Pellitteri, sets forth that its audit of the Policy, the report and endorsements for which are attached thereto, see generally ECF Nos. 11-9 & 11-10, resulted in the additional premium of $118,200.00, see ECF No. 11-7 ¶ 12, which Defendant has not paid, see id. ¶ 14.

### ii.   Taxes And Fees

Plaintiff has established entitlement to $4,456.14 for the taxes and fees. The declaration of Plaintiff's assistant vice president, Sal A. Pellitteri, sets forth that Defendant was obligated to

---

[6] Plaintiff impliedly recognized this principle with regard to its claim for unjust enrichment, as it declined to pursue its claim for unjust enrichment on this motion for entry of a default judgment.

[7] Plaintiff's motion for entry of a default judgment includes various perfunctory references to attorneys' fees. See ECF No. 11-1 ¶ 5; ECF No. 11-2 ¶¶ 18, 26; ECF No. 11-7 ¶ 20; ECF No. 11-11 at 5 & 14. Plaintiff has not suggested any legal basis upon which it would be entitled to an award of attorneys' fees, nor does the record reveal any such potential basis. The Court's review of the Policy, see generally ECF No. 11-8, reveals that it does not contain a provision for recovery of attorneys' fees by Plaintiff against Defendant. Plaintiff similarly does not provide any factual support for its request. Plaintiff's memorandum of law does not argue in favor of an award of attorneys' fees. See generally ECF No. 11-11. Accordingly, to the extent that Plaintiff is requesting an award of attorneys' fees, which the Court doubts, the Court respectfully recommends that such request be denied without prejudice.

pay the Taxes and Fees of 3.77%, totaling $4,456.14 for the additional premium, see id. ¶¶ 15-16, but failed to do so, see id. ¶ 17.

### iii.    Pre-judgment Interest[8]

Plaintiff has established entitlement to pre-judgment interest, at the annual rate of nine percent, on the additional premium and the taxes and fees, $122,656.14, accruing from May 1, 2022, until the date this report and recommendation is adopted, if adopted, and on such sum, including the aforementioned interest, accruing from the date this report and recommendation is adopted, if adopted, until the date the judgment is issued.

For pre-judgment interest prior to the date of adoption of this report and recommendation, if adopted, NY CPLR 5001(a), entitled "Interest to verdict, report or decision," provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract."  Pursuant to NY CPLR 5001(b), such "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred," with interest being computed "upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" in cases "[w]here such damages were incurred at various times."  Such date "shall be specified in the verdict, report or decision," and "[t]he amount of interest shall be computed by the clerk of the court, to the date the verdict was rendered or the report or decision was made, and included in the total sum awarded."  The declaration of Plaintiff's assistant vice president, Sal A. Pellitteri, sets forth that payment of the additional premium, taxes and fees was due on April 30, 2022, see id. ¶ 18, such that Plaintiff accrued a cause of action for the additional

---

[8] The Court notes "that, in diversity cases, state law governs award[s] of pre-judgment interest." Philips Lighting Co. v. Schneider, 636 F. App'x 54, 59 (2d Cir. 2016) (citation omitted).

premium, taxes and fees on May 1, 2022, following Defendant's non-payment on April 30, 2022; as such, pre-judgment interest on the amount of the additional premium, taxes and fees, $122,656.14, accrues from May 1, 2022, until the date this report and recommendation is adopted, if adopted. The annual rate of interest is nine percent. See NY CPLR 5004(a).

For pre-judgment interest subsequent to the date of adoption of this report and recommendation, if adopted, NY CPLR 5002, entitled "Interest from verdict, report or decision to judgment," provides that "[i]nterest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment," which "shall be computed by the clerk of the court and included in the judgment." After calculating the amount in the foregoing paragraph, the Clerk of Court should calculate interest on that total amount, including interest, from the date this report and recommendation is adopted, if adopted, until the date the judgment is issued. The annual rate of interest is nine percent. See NY CPLR 5004(a).

### iv.    Costs

Plaintiff requests that costs be awarded. Plaintiff's motion fails to address the basis under which Plaintiff would be entitled to costs. Nonetheless, under Federal Rule of Civil Procedure 54(d)(1), a prevailing party may apply to the Court to tax costs on fourteen days' notice. Given that the Court recommends that Plaintiff's motion be granted, making Plaintiff the prevailing party, and because Defendant has had notice of the request for costs for more than fourteen days, the Court respectfully recommends that the costs be awarded now on this motion. See Marx v. Gen. Rev. Corp., 568 U.S. 371, 377 (2013) (recognizing that "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs" and that, "[n]otwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately

14

lies within the sound discretion of the district court" (footnote & citation omitted)).  Plaintiff is entitled to $583.10 in costs.  Plaintiff's counsel's declaration sets forth that the costs of this action were $400.00 for the filing fee[9] and $183.10 for service of process,[10] totaling $583.10. See ECF No. 1 ¶ 16; see generally ECF No. 11-5 (invoice for service of process).  The Court therefore respectfully recommends that Plaintiff be awarded $583.10 in costs as the prevailing party.

## III.    CONCLUSION

The Court respectfully recommends that Plaintiff's motion for an entry of default judgment be granted based on the breach-of-contract claim, such that judgment be entered (a) for $118,200.00 for the additional premium; (b) $4,456.14 for the taxes and fees; (c) for an amount to be determined by the Clerk of Court for pre-judgment interest, at the annual rate of nine percent, on the additional premium and the taxes and fees, $122,656.14, accruing from May 1, 2022, until the date this report and recommendation is adopted, if adopted, and on such sum, including the aforementioned interest, accruing from the date this report and recommendation is adopted, if adopted, until the date the judgment is issued; and (d) $583.10 for costs.

## IV.    OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections.

---

[9] The Court notes the filing fee was actually $405.00.  See 5/15/2024 Dkt. Entry.

[10] The Court notes that the invoice for service of process was actually for $183.42.  See generally ECF No. 11-5.

Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate [judge]'s recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

The Court will mail this report and recommendation to Defendant at 8332 Parson Boulevard, Jamaica, NY 11432; 98-09 Astoria Boulevard, Flushing, NY 11369; 87-10 Northern Boulevard, # 203, Jackson Heights, NY 11372; and 33-06 88th Street, Suite 214, Jackson Heights, NY 11372.

Dated: Brooklyn, New York
       March 14, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

16